IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ESCOBAR, | ) |
| | ) |
| Plaintiff, | ) No. 03 C 7018 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| COCA-COLA ENTERPRISES, INC. and | ) |
| WILLIAMS SCOTSMAN, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Elizabeth Escobar has sued Williams Scotsman, Inc. ("WSI") and Coca-Cola Enterprises, Inc. ("Coca-Cola") under state law for damages she sustained when she tripped on a broken stairway Coca-Cola had rented from WSI. The case is before the Court on defendants' motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts[1]

Coca-Cola is a Delaware corporation with its principal place of business in Georgia. (Defs.' LR 56.1(a)(3) Stmt. ¶ 3.) Hondo, Inc. ("Hondo") is an Indiana corporation that produces and distributes soft drinks. (Id. ¶¶ 2, 4.) In July 2001, Coca-Cola purchased all of Hondo's stock. (Id. ¶ 5.) Since then, Hondo has operated as a subsidiary of Coca-Cola. (Id.) Before the acquisition, Hondo conducted its business at a facility it owned in Niles, Illinois, and it continues to do so today. (Id. ¶ 6.)

---

[1] Unless otherwise noted, the following facts are undisputed.

In September 2001, Coca-Cola, using Hondo's Niles address, leased some portable trailers and stairs from WSI. (*Id.* ¶ 7.) On September 25, 2001, a WSI representative installed the trailers and stairs at the Niles facility. (*Id.* ¶¶ 76, 80, 82.)

WSI inspects all trailers and stairs before delivering them to customers. (*Id.* ¶ 75.)[2] There were no defects in the stairs Coca-Cola rented when they were delivered to the Niles facility. (*Id.* ¶ 76.) WSI did not know, at any time before plaintiff's fall, that any of the steps was broken. (*Id.* ¶ 79.)

At the time of her fall, plaintiff was employed by a temporary employment agency that had assigned her to work at Hondo's Niles facility. (*Id.* ¶¶ 13, 20-22, 77.) During the time plaintiff worked for Hondo, one of the trailers Coca-Cola had rented from WSI was used as a break room. (*Id.* ¶¶ 39, 40.) The break room trailer had two adjacent doors. (*Id.* ¶ 41.) Upon exiting either door, one could turn to the left and walk down three metal stairs or turn to the right and walk down another set of stairs. (*Id.*) Plaintiff's accident occurred on the stairs to the left. (*Id.* ¶ 42.)

Before the accident, plaintiff knew that the step closest to the ground in the stairs to the left was broken because a sign was posted on the inside window of the break room door that said: "DO NOT USE! BROKEN STEP!" (*Id.* ¶¶ 43-45.) In addition, Russ Ray, one of plaintiff's co-workers, had shown her the broken step. (*Id.* ¶ 47.) Plaintiff used the left-hand stairs, without incident, approximately ten times while the step was broken. (*Id.* ¶ 48.)

On November 4, 2002, plaintiff and Ray used the left-hand stairs to enter the break room,

---

[2]Plaintiff attempts to dispute the fact asserted in this paragraph, but her response does not controvert its substance. (*See* Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 75.)

stepping over the broken step on their way in. (*Id.* ¶¶ 49, 51, 77.) Though plaintiff knew about the broken step and could have taken the other set of stairs, she and Ray took the left-hand stairs on the way out. (*Id.* ¶¶ 43-48, 52, 59-61.) Plaintiff was talking to Ray and did not look at any of the steps on her way down. (*Id.* ¶¶ 53-54.) As a result, she stepped on the broken step, which collapsed. (*Id.* ¶ 56.) Plaintiff stumbled and was caught by Ray before she could fall to the ground. (*Id.* ¶ 57.)

## Discussion

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Accordingly, if there is a dispute over a material fact "such that a reasonable jury could return a verdict for the nonmoving party," summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences from it in the light most favorable to the nonmovant. *Id.* at 255.

In Count I of her amended complaint, plaintiff alleges that WSI was negligent because it failed to exercise ordinary care in the operation, management, maintenance and control of its stairway. Under Illinois law,[3] a lessor is liable to an injured third-party only if: "(1) he supplied the chattel in question, (2) the chattel was defective at the time it was supplied, (3) the defect could have been discovered by a reasonable inspection, when inspection is required (*i.e.*, where

---

[3] The parties agree that Illinois law governs this case.

the danger of substantial harm because of a defect is great . . .), and (4) the defect was the proximate cause of the injury." *Huckabee v. Bell & Howell, Inc.*, 265 N.E.2d 134, 137 (Ill. 1970).

Plaintiff's claim falters on the second element. WSI asserted, without contradiction from plaintiff, that the stairs were not defective when it installed them. (*See* Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 76 (answering "Uncontested" to the statement: "There were no defects in the [stairway] when it was delivered on or about September 25, 2001 to Hondo, Inc.'s Niles facility, and, specifically, none of the steps to the trailers were broken at that time.").)

In the face of this damning admission, plaintiff argues that she may still be able to prove her case at trial and, thus, summary judgment should be denied. To withstand defendants' motion, however, plaintiff must offer evidence of a material factual dispute, not speculation that such evidence might be forthcoming in the future. *Borcky v. Maytag Corp.*, 248 F.3d 691, 695 (7th Cir. 2001) (stating that evidence of material factual dispute is necessary to defeat summary judgment; "[s]peculation will not suffice"). Having admitted that she cannot satisfy the second element of her negligence claim against WSI, defendants' motion for summary judgment on that claim must be granted.

In Count II of her complaint, plaintiff alleges a premises liability claim against Coca-Cola for its failure to exercise ordinary care in the operation, management, maintenance and control of the leased stairway. "In a premises liability cause of action, one of the essential elements is the existence of a duty owed by the defendant to the plaintiff." *Strahs v. Tovar's Snowplowing, Inc.*, 812 N.E.2d 441, 447 (Ill. App. Ct. 2004). Coca-Cola owed plaintiff a duty only if it "possess[ed] and control[led] the . . . property on which the tort occurred." *Godee v Ill. Youth Soccer Ass'n*,

4

764 N.E.2d 591, 594-95 (Ill. App. Ct. 2002).

It is undisputed that the Niles facility where the accident occurred was owned and controlled solely by Hondo. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 6.) It is also undisputed that the stairs on which plaintiff fell were used solely by Hondo after they were installed at the Niles facility. (*Id.* ¶ 7.) But Hondo did not lease the stairs from WSI; they were leased by Coca-Cola. (*Id.* ¶ 73.) Because the lease gave Coca-Cola constructive control of the stairs, plaintiff says, it may be held liable on a premises liability theory.

Though we could not find an Illinois case directly on point, in analogous cases actual possession of the property has been held to be a prerequisite to premises liability. In *Marcon v. First Federal Savings & Loan Ass'n*, 374 N.E.2d 1028, 1029 (Ill. App. Ct. 1978), for example, plaintiffs, whose building was damaged by a fire in an adjacent building, sued First Federal, the mortgagee of that building, for its failure to maintain the mortgaged property. First Federal was not in actual possession or control of the mortgaged property. *Id.* But, because the mortgage gave First Federal the right to possess and control it, plaintiffs argued that First Federal could be held liable for their damages. *Id.* at 1029-30.

> The Illinois Appellate court disagreed:
>
> We find, as a matter of law, that only a mortgagee exercising dominion and control over the mortgaged property can be held responsible for damages to third parties caused by unsafe conditions on the property. Constructive possession, as in this instance, is insufficient; there must be actual possession and control of the premises.

*Id.* at 1030; *see Buczak v. Cent. Sav. & Loan Ass'n*, 594 N.E.2d 1291, 1295-96 (Ill. App. Ct. 1992) (holding that defendant, who had constructive possession of property under installment contract, but not actual possession or control, could not be held liable on a premises liability

5

claim). Like the mortgagee in *Marcon*, Coca-Cola had constructive possession of the stairway by virtue of the lease, but it did not actually possess or control the stairs after they were installed at the Niles facility. (*See* Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 7.) Absent actual possession or control, Coca-Cola cannot be held responsible for plaintiff's damages on a premises liability theory.[4] Defendants' motion for summary judgment on Count II is, therefore, granted.

## Conclusion

For the reasons set forth above, defendants' motion for summary judgment [doc. no. 22] is granted. This is a final and appealable order.

SO ORDERED.  ENTERED: March 22, 2005

RONALD A. GUZMAN
United States District Judge

---

[4] There is also no evidence to suggest that Coca-Cola can be held responsible by piercing Hondo's corporate veil. *See Bank One v. Trammell Crow Servs.*, No. 03 C 3624, 2003 WL 23019173, at *2 (N.D. Ill. Dec. 23, 2003) (noting that "[a] corporate veil may be pierced only when there is a showing of unity of interest and ownership and where viewing the companies as separate entities would protect or sanction fraud and promote injustice").